**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ORLIN OSMIN MURILLO AGUIRRE, | ) | |
| | ) | |
| Petitioner, | ) | No. 3:26-cv-01113-CB |
| | ) | |
| v. | ) | Chief Judge Cathy Bissoon |
| | ) | |
| TODD BLANCHE, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**<u>MEMORANDUM ORDER</u>**

The Court hereby **DENIES** Petitioner's Motion for a Temporary Restraining Order (Doc. 3) (the "TRO Motion" or "Mot.").

On June 12, 2026, Petitioner filed the TRO Motion alongside a Petition for Writ of Habeas Corpus (Doc. 1) (the "Petition" or "Pet."). Petitioner represents that he is a native and citizen of Honduras currently held at the Moshannon Valley Processing Center ("Moshannon") following his detention by U.S. Immigration and Customs Enforcement on June 9, 2026. Pet. ¶¶ 1, 2. Prior to Petitioner's detention, he had resided in the United States for approximately four years, establishing a "fixed and stable" address in New Jersey. Id. ¶¶ 2, 21. Petitioner has no criminal history. Id. ¶ 24.

Substantively, Petitioner challenges his continued detention pending removal proceedings without an individualized bond hearing under 8 United States Code Section 1226 and the Due Process Clause of the Fifth Amendment. The TRO Motion requests that the Court: (1) prohibit Respondents from transferring petitioner outside the Western District of Pennsylvania pending adjudication of his habeas petition, (2) prohibit Respondents from removing Petitioner from the United States pending adjudication, (3) order Respondents to confirm Petitioner's current

1

location and custody status within three days, (4) order Respondents to maintain Petitioner at Moshannon, (5) order Respondents to produce all charging documents and disclose the statutory basis for Petitioner's detention within three days and (6) schedule expedited briefing and/or a hearing on Petitioner's habeas petition. Mot. at 7. The requested relief will not be granted at this time.

Petitioner's Motion for a temporary restraining order ("TRO") seeks essentially the same substantive relief already sought in his Petition. As such, the Court finds no reason to entertain it separately. The Court promptly will consider this relief when determining the merits of the Petition on an expedited case management schedule, and finds no reason to issue a TRO as well. Moreover, Petitioner has not demonstrated such immediate and irreparable injury to justify the issuance of a TRO without notice to Respondents or an opportunity for them to be heard. See Fed. R. Civ. P. R. 65(b) (authorizing TRO without notice if the facts "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition"). Petitioner's transfer to an immigration detention facility outside this district would not deprive the Court of jurisdiction over the Petition. See Khalil v. President, United States, 164 F.4th 259, 269–71, 273 (3d Cir. 2026) (holding that habeas jurisdiction remains with the district of the detainee's confinement at the time of filing, regardless of subsequent transfer of the detainee out of the district or amendment of the

2

petition).[1]  Nor does it appear that Respondents could immediately remove Petitioner, given the posture of his removal proceedings.[2]

IT IS SO ORDERED.

June 13, 2026                                        s/Cathy Bissoon
                                                     Cathy Bissoon
                                                     Chief United States District Judge

cc (via ECF email notification):

     All Counsel of Record

---

[1] Additionally, the Court has doubts as to whether it has jurisdiction to enjoin Respondents from transferring Petitioner to another detention facility.  See 8 U.S.C. § 1252(a)(2)(B)(ii) (("Notwithstanding any other provision of law . . . , including section 2241 of title 28, or any other habeas corpus provision, . . . no court shall have jurisdiction to review . . . any [] decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security . . . ."); 8 U.S.C. § 1231(g)(1) ("The Attorney General shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal.").

[2] At the time that the TRO Motion was filed, Exhibit C to the Petition indicates that Petitioner will have a master calendar hearing in immigration court on June 23, 2026.  Pet. Ex. C (Doc. 1-4).